# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 9, 2014

## STATE OF TENNESSEE v. STEVEN DAVIS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 11-04842     Chris Craft, Judge**

---

**No. W2013-01486-CCA-R3-CD  -  September 5, 2014**

---

The defendant, Steven Davis, was convicted of especially aggravated robbery, aggravated robbery, and aggravated burglary.  He is currently serving an effective twenty-six year sentence in the Department of Correction.  On appeal, the defendant contends that the trial court erred by failing to suppress statements he made to police while in custody.  Following review of the record, we conclude that the defendant has waived review of that issue by failing to provide an adequate record to establish that he adequately raised the issue before the trial court.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Andrew R.E. Plunk, Memphis Tennessee, for the appellant, Steven Davis.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Amy P. Weirich, District Attorney General; and Chris Lareau, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Procedural History

The charges against the defendant arose from his involvement in the burglary of a home shared by two brothers, Mr. Franklin Cobbins and Mr. Franklin Porter, and the subsequent robbery of the two. Each of the two victims identified Mr. Randy Young, the co-defendant, as being present at the home during the robbery. According to Mr. Cobbins, co-defendant Young came to his home in July of 2011 to purchase drugs. However, shortly after his arrival, Mr. Young quickly left the home but soon returned with two armed men who "took control over the house." The defendant, armed with "a little assault rifle," shot Mr. Cobbins in the stomach when he attempted to "lunge" at the defendant. Mr. Porter was woken when he heard a loud commotion at the door of the home. He saw two men, one of which was armed, at the bedroom door before he was ordered into the living room. Mr. Cobbins' wallet containing $200 was taken, as was Mr. Porter's wallet and cell phone. After the men left the home, police arrived, and an investigation ensued.

Sergeant Sean Hicks with the Memphis Police Department was assigned to coordinate the investigation. Mr. Young was detained fairly quickly after the robbery and placed in an interview room. While interviewing Mr. Porter, Sergeant Hicks was notified that an anonymous caller on the "Crime Stoppers" hotline had information about the robbery. The caller, Ronnie Redmond, who was the defendant's cousin, informed Sergeant Hicks that the defendant could be a possible suspect in the robbery.

Mr. Redmond stated that the defendant had called him earlier on the day of the robbery and told him that he "and his partners were going to hit a lick, which basically was going to rob somebody." Although he did not provide many details of the robbery, the defendant did tell Mr. Redmond that he expected to get some drugs. The following day, the defendant told Mr. Redmond that he had gone to south Memphis, robbed a man, and got some drugs and money. In fact, the defendant actually showed Mr. Redmond a wallet which contained a picture of Mr. Porter.

After encouragement from his girlfriend, Mr. Redmond called "Crime Stoppers" and informed the police of what the defendant had told him. Mr. Redmond stated that he gave great detail as to what occurred inside the residence and what items were taken. There was some confusion initially whether Mr. Redmond reported the call which took place prior to the robbery, but it was testified to at trial.

Based upon the information provided by Mr. Redmond, a photo identification lineup was prepared, and Mr. Porter identified the defendant as one of the men who robbed him and shot his brother. Based upon that identification, the defendant was brought into the police station. He was initially placed in a separate interview from Mr. Young. Both men waived

their *Miranda* rights and agreed to speak with investigators. Both denied any involvement in the robbery.

At some point during the interview, the defendant asked to speak to Mr. Young outside the presence of investigators. Although it was outside normal investigative practice, Sergeant Hicks agreed to the request. After a twenty-five minute, closed-door meeting with Mr. Young, the defendant tendered a partial confession. When Sergeant Hicks re-entered the interview room, the defendant said that Mr. Young "didn't have anything to do with it" and that he (the defendant) had the gun and went in the house. However, the defendant refused to sign a written statement.

Both the defendant and Mr. Young were indicted by a grand jury for especially aggravated robbery, aggravated robbery, and aggravated burglary. Prior to trial, the defendant filed three motions to suppress his statements to police alleging that "the statements [were] a direct result of an illegal seizure and therefore should be suppressed as fruit of the poisonous tree."

Following trial, a jury found the defendant guilty as charged but acquitted Mr. Young of all charges. A sentencing hearing was held for the defendant, after which the trial court imposed sentences of twenty years for the especially aggravated robbery, ten years for the aggravated robbery, and six years for the aggravated burglary. The court further ordered that the robbery convictions be served concurrently with each other but consecutive to the burglary sentence, resulting in an effective sentence of twenty-six years.

The defendant then filed a motion for new trial alleging, among other grounds, that the trial court erred in denying his motions to suppress. During the hearing, the trial court addressed the defendant's suppression issue and stated that it "was not asked to suppress the defendant's statement." The trial court denied the motion for new trial, and the defendant now appeals.

**Analysis**

On appeal, the defendant contends that the trial court erred in denying his motions to suppress. In support of his argument that the motions should have been granted by the trial court, the defendant alleges that the information provided by Mr. Redmond to the "Crime Stoppers" hotline was uncorroborated. He further argues that, because the information was not corroborated, no probable or reasonable cause existed to detain the defendant. As a result, the defendant maintains that his arrest was illegal and that his statement to police was a direct result of an illegal seizure, which should have been suppressed.

The State argues that the defendant has waived review of the issue by failing to present the motions to the trial court and to ensure that a ruling was made. The State is correct that this court has only appellate jurisdiction. T.C.A. § 16-5-108 (2014). To receive appellate review of an issue , a defendant must have presented the issue to and have received a ruling from the trial court. *State v. Kinner*, 701 S.W.2d 224, 227 (Tenn. Crim. App. 1985). Simply filig a motion with the court is not sufficient to comply with that requirement; rather, the motion must be presented to the trial court for a determination. *Id*. at 227. Otherwise, waiver results. *State v. Locke*, 771 S.W.2d 132, 138 (Tenn. Crim. App. 1988). A trial court will not be held in error for failing to consider a motion that was never presented to it. *Kinner*, 701 S.W.2d at 227.

The record indicates that three motions to suppress were properly filed in the case, and each raised the issue that the defendant is now arguing on appeal. However, no other information about the motions appear in the record. There is no ruling from the trial court and no transcript of a hearing where the motions were argued. At the motion for new trial hearing, the defendant raised the issue with the trial court, and the court responded that it "was not asked to suppress the defendant's statement." From this, we must conclude that the defendant never brought these motions to the attention of the trial court for a ruling. Again, the simple filing of a motion is not enough to preserve the issue for appellate review. *Id*. Based upon this failure, we conclude that the defendant has waived review of the issue and is not entitled to relief.

However, the defendant responds that waiver is inappropriate because he did in fact argue the motions to suppress during the course of a bond motion hearing. He contends that the motions were denied by the trial court. We agree with the defendant that, if that fact was established, waiver from a failure to present the issue would not be appropriate. However, the State alternatively argues that the defendant has presented nothing in this record to support his allegations that the motions were ever heard.

When a party seeks appellate review, he has a duty to prepare an adequate record on appeal to allow for review of the issues presented. Tenn. R. App. P. 24(b) (requiring that "the appellant shall prepare a transcript of such part of the evidence or proceeding as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal"); *see also State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). If the appellate record is incomplete and does not contain transcripts of proceedings relevant to an issue presented for review, this court is precluded from considering that issue. *Ballard*, 855 S.W.2d at 560-61. Additionally, if an appellant fails to file an adequate record, the appellate court must presume the trial court's ruling is correct. *State v. Michael Lynn Potson*, No. M2012-02321-CCA-R3-CD, 2014 Tenn. Crim. App. LEXIS 78, *21 (Tenn. Crim. App. Jan. 28, 2014).

Again, nothing in this record indicates that the motions to suppress were in any way heard or ruled upon. The defendant cites to nothing in the appellate record which contains a transcript of the suppression hearing or a ruling by the trial court. There is no transcript of a bond motion hearing in this record. Thus, we can reach no conclusion other than that the defendant has failed to provide an adequate record for review of the suppression issue. Based upon this inadequate record, we are unable to properly review the alleged denial of the motions to suppress. As such, the ruling, if there was in fact one made, must be presumed correct. No relief is warranted.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE